IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* REBECCA HOCKADAY, *et al.*, | * |
| | * |
|     Plaintiff-Relator, | * |
| vs. | *    CASE NO. 3:15-CV-122 (CDL) |
| ATHENS ORTHOPEDIC CLINIC, P.A., *et al.*, | * |
|     Defendants. | * |

O R D E R

The parties could not agree on several issues during their Rule 26 conference, so the Court held a scheduling conference at their request on April 9, 2019. The Court resolved some of the issues at the scheduling conference, and the only remaining issue is whether Relator may interview without notice to Defendants' counsel current employees of Athens Orthopedic Clinic ("AOC"), Athens Orthopedic Clinic Ambulatory Surgery Center, LLC, and Athens Orthopedic Clinic Ambulatory Surgery Center – Loganville, LLC. The Court gave the parties fourteen days to reach a compromise on this issue. They did not reach a compromise. The Court therefore decides the issue in this Order.

Relator wishes to contact current AOC employees and current employees of the two surgery centers without notice to their

employer's counsel. After some back-and-forth, the parties could not agree on which current employees Relator may contact.

Georgia Rule of Professional Conduct 4.2(a) provides: "A lawyer who is representing a client in a matter shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or court order." Comment 4A to the Rule explains that in the case of an organization, Rule 4.2 "prohibits communications with an agent or employee of the organization who supervises, directs or regularly consults with the organization's lawyer concerning the matter or has authority to obligate the organization with respect to the matter, or whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability."[1]

Relator does not dispute that her counsel should not be permitted to communicate with current employees of AOC and the two surgery centers who (1) supervise, direct, or regularly consult with the company's lawyer concerning the matter or (2) have authority to obligate the company with respect to the

---

[1] Before November 3, 2011, Comment 4A also stated that Rule 4.2 prohibited communications with employees "whose statement may constitute an admission on the part of the organization," but that provision was deleted. *Compare* Ga. R. of Professional Conduct 4.2 comment 4A (2010) *with* Ga. Rule of Professional Conduct 4.2 comment 4A (2019).

2

matter. Relator, however, seeks to have the Court ignore the third category of prohibited contacts plainly listed in Comment 4A to Rule 4.2. He wants the Court's permission to conduct *ex parte* interviews of current employees of AOC and the two surgery centers who committed any of the acts or omissions at issue in this litigation, even though those acts or omissions could be imputed to Defendants for liability purposes. Relators' arguments are not frivolous, and if the Court were writing on a blank slate, it may be persuaded by them. But the Court does not write on a blank slate. The Court acknowledges that the Comments to the Rules may not be binding on this Court; however, it would be judicial arrogance to ignore the commentary in favor of what the Court may believe would be the better rule. And although some Courts have attempted "to split the baby," *see United States ex rel. Harris v. Lockheed Martin Corp.*, No. 1:08-CV-3819-AT, 2013 WL 12328947 (N.D. Ga. Feb. 5, 2013), this Court does not presume to possess such Solomon-like qualities. Accordingly, the Court applies Rule 4.2 as its drafters intended and denies Relator's request to interview without notice to Defendants' counsel current employees of Defendants who fall within the plain language of Comment 4A.

The parties did not present the Court with any specific disputes about which employees Relator's counsel may contact without running afoul of Rule 4.2. The Court encourages the

3

parties to do their best to sort this out by themselves. As a starting point, Defendants represent that they offered to provide Relator's counsel with a list of current employees they believe are within the scope of Rule 4.2's anti-contact rule. Defendants should provide that list to Relator's counsel within fourteen days of today's Order.

This ruling does not mean that Relator's counsel is absolutely barred from contacting current employees who are on Defendants' list. Certainly, Relator's counsel should not contact any current employee who clearly falls within Rule 4.2's anti-contact rule, including employees whose conduct Relator seeks to impute to AOC and the two surgery centers to establish liability. But, Relator's counsel may contact current employees if Relator's counsel in good faith believes that the employees are not subject to Rule 4.2's anti-contact rule. Comment 4B to the Rule 4.2 explains that "[i]n administering this Rule it should be anticipated that in many instances, prior to the beginning of the interview, the interviewing lawyer will not possess sufficient information to determine whether the relationship of the interviewee to the entity is sufficiently close to place the person in the 'represented' category. In those situations the good faith of the lawyer in undertaking the interview should be considered. Evidence of good faith includes an immediate and candid statement of the interest of the person

4

on whose behalf the interview is being taken, a full explanation of why that person's position is adverse to the interests of the entity with which the interviewee is associated, the exploration of the relationship issue at the outset of the interview and the cessation of the interview immediately upon determination that the interview is improper."

Accordingly, Relator's counsel shall disclose to each employee he seeks to interview (1) who he represents, (2) Relator's theory of the case, (3) that the employee may refuse to speak with Relator's counsel, and (4) that the employee may consult legal counsel.  Relator's counsel should begin any interview by exploring the employee's role in the company and shall cease any interview immediately upon determining that the employee falls within Rule 4.2's anti-contact rule.

IT IS SO ORDERED, this 2nd day of May, 2019.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA
