IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

UNITED STATES OF AMERICA, *ex*
*rel.* REBECCA HOCKADAY and STATE
OF GEORGIA, *ex rel.* REBECCA
HOCKADAY,

    Plaintiff-Relator,

vs.

ATHENS ORTHOPEDIC CLINIC, P.A.,
*et al.*,

    Defendants.

\*
\*
\*
\*
\*
\*
\*
\*
\*

CASE NO. 3:15-CV-122 (CDL)

O R D E R

    After receiving significant time and attention from the Court on more than thirty discovery motions, the lawyers once again seek judicial handholding. They have given up any pretense of attempting to confer in good faith on their discovery disputes. Ten new discovery motions are presently pending. The Court issues the following rulings.

**I.**   **Relator's Motion for Leave to Amend Pleadings (ECF No. 301)**

    Relator seeks to add six paragraphs to the first amended complaint to "facilitate discovery" and "clarify" her claims that are alleged in the first amended complaint. These proposed paragraphs outline six schemes that Defendants allegedly used to defraud the Government. At the same time, Relator asserts that the amendment is not necessary because her claims regarding Defendants' schemes (including the six schemes in her present

motion) are adequately alleged in the first amended complaint. She did not clearly point to where these six schemes are alleged in the first amended complaint.

Relator filed her first amended complaint in October 2018, and discovery began in February 2019. The deadline for amending pleadings was July 2, 2019. Scheduling/Disc. Order 2, ECF No. 53. In January 2021, Relator sought leave to supplement her first amended complaint, which was granted in February 2021. Text Order (Feb. 22, 2021), ECF 210. After a series of extensions, fact discovery was scheduled to close on April 2, 2021. Am. Scheduling/Disc. Order (Nov. 23, 2020), ECF No. 191. The parties filed a flurry of discovery motions in late April 2021, and in late May 2021 Defendants decided to assert an advice of counsel defense and waive their attorney-client privilege regarding several issues in this case. The Court allowed the parties to develop an amended scheduling order to permit discovery on the advice of counsel defense and to wrap up document production responsive to discovery requests that had been made before April 2, 2021.[1]   Then, in mid-August 2021, Relator filed the present motion for leave to amend.

The Court understands that pre-trial amendments to the pleadings should be freely given "when justice so requires."

---

[1] Relator believes that during the May 26, 2021 hearing, the Court implicitly offered Relator an opportunity to amend her first amended complaint. It did not.

Fed. R. Civ. P. 15(a)(2).   Reasons that justify denial of leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."   *Powell v. United States*, 800 F. App'x 687, 700 (11th Cir. 2020) (per curiam) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).   Here, Relator's delay in seeking leave to amend was significant and without justification.   Relator's counsel acknowledged at the May 26, 2021 hearing that when she ran into discovery disputes early in the discovery process, she thought the issues "could be clarified if [she] amended the complaint to . . . broaden the claims and give . . . more detail about things."   Hr'g Tr. 175:13-18 (May 26, 2021), ECF No. 296 [May 26, 2021 Hr'g Tr.].   Defendants, however, declined to consent to an extension of the July 2, 2019 deadline for amending the pleadings, and Relator decided not to seek leave to amend her first amended complaint at the time.   She also decided not to seek leave to add allegations regarding these schemes when she supplemented her complaint in February 2021.   Instead, she waited to seek leave to amend until mid-August, 2021, well after the close of fact discovery and halfway through the limited-purpose extended discovery period.   This delay was substantial and unjustified, and permitting an amendment to add

six new schemes at this point in the litigation would unduly prejudice Defendants, so the motion for leave to amend is denied.

This ruling does not reach Relator's argument that the six schemes are already adequately alleged in the first amended complaint. Relator did not explicitly seek a ruling on this issue, and she did not point to any precise portions of the first amended complaint that would put Defendants or the Court on notice that she was pursuing claims based on the six schemes outlined in her motion for leave to amend.

## II.  Motions Regarding Defendants' Reliance on Advice of Counsel Defense (ECF Nos. 302, 304, 305, 316, 332 & 333)

At the May 26, 2021 hearing on pending motions, Defendants waived their attorney-client privilege regarding a number of issues in this case. The Court determined that there was reasonable justification for Athens Orthopedic to assert a reliance on advice of counsel defense. May 26, 2021 Hr'g Tr. 200:2-15. The Court also concluded that Relator would not be prejudiced by the delayed disclosure of this defense given that the Court would permit several months of discovery on the defense. *Id.* 199:16-200:1. Relator now seeks reconsideration of this decision, plus a ruling on the motions the Court deferred in light of this decision. In the alternative, she wants the Court to compel discovery responses regarding the advice of counsel defense. Defendants object to subpoenas

Relator has served on their lawyers.  One of Defendants' lawyers filed a motion to quash a subpoena served on his firm, and Defendants seek a protective order as to Relator's deposition notices.  The Court addresses each issue in turn.

A.    Relator's Motion for Reconsideration (ECF No. 304)

Relator asks the Court to reconsider its May 26, 2021 decision to permit Defendants to assert an advice of counsel defense.  The first basis for Relator's motion is that the advice of counsel defense is an affirmative defense that Defendants waived by failing to include it in their answer.  At the May 26, 2021 hearing, the Court did not decide whether the defense is an affirmative defense on which Defendants have the burden of proof or a defense to the scienter element of Relator's claims.  The Court did express concern that even if the defense is not an affirmative defense that should have been raised in the answer, Defendants may have waived it by taking positions inconsistent with the defense in this litigation. But, after exploring these issues, the Court in its discretion concluded that there was "reasonable justification for the assertion of that defense at this time" and that Defendants would be permitted to raise the defense.  May 26, 2021 Hr'g Tr. 200:9-13.  The Court found that Relator would not be prejudiced by the late assertion of the defense if Relator could get the discovery she would have gotten had Defendants asserted the

defense and waived the attorney-client privilege earlier: documents regarding the defense and a deposition of the attorney who gave the advice. The Court noted that because of the discovery delays and the Court's post-COVID trial schedule, this case would not be ready for trial until the Court's May 2022 Athens trial term. *Id.* at 198:20-25. The Court found that there was "plenty of time" for Relator to engage in reasonable discovery on the advice of counsel issue, so she would not be prejudiced. *Id.* at 199:1-19. So, notwithstanding Defendants' delay in asserting the advice of counsel defense, the Court's decision to grant Relator approximately five months of discovery on that issue effectively permitted Defendants leave to raise the defense. The Court declines to reconsider this ruling on this basis.

Relator next argues that some of the evidence produced by Defendants does not support an advice of counsel defense for some of Relator's claims. In effect, Relator appears to ask the Court to decide that certain evidence cannot support an advice of counsel defense as a matter of law. The Court cannot decide this issue on the present record. It would be more appropriately addressed in a summary judgment motion.

Lastly, Relator argues that Defendants have not provided adequate discovery responses on the advice of counsel defense. If Defendants have not substantially met their discovery

obligations on the advice of counsel defense and if their failure to do so was without good cause, then an appropriate sanction might be to disallow the advice of counsel defense. As discussed in more detail below, though, Defendants appear to have substantially met their discovery obligations, and the Court finds that the sanction of striking the advice of counsel defense is not warranted. In light of this ruling, the Court terminates as moot Relator's motion to set aside Defendant's privilege claim (ECF No. 237).

B.   Relator's Motion to Compel (ECF No. 305)

At the May 26, 2021 hearing, the Court told Defendants' counsel to be reasonable in their responses to Relator's requests on the advice of counsel issue, and Defendants' counsel represented that Defendants were "absolutely 100 percent willing to make whatever [production Relator's counsel] needs to explore the privilege." May 26, 2021 Hr'g Tr. 183:23-24. Relator asserts that Defendants did not keep this promise, and she filed a sweeping, unfocused motion to compel referencing dozens of grievances, some new but many old. The Court did its best to sift through the motion to find the genuine disputes.

First, Relator contends that she still does not know against which of her claims Defendants assert the advice of counsel defense. She argues that Defendants did not meet their June 4, 2021 deadline for identifying the claims subject to the

defense because they did not use her preferred method for identifying them.  The Court already rejected this argument when it concluded that Relator was "given sufficient notice of the claims/subject matters for which the privilege is waived."  Text Order (June 23, 2021), ECF No. 295.  The Court denies the motion to compel on this ground.

Second, Relator asserts that Defendants did not adequately respond to her interrogatories regarding the advice of counsel defense.  Relator contends that Defendants improperly objected to the extent that Relator sought privileged material.  But Relator requested *all* communications between Defendants and counsel.  And thus good grounds existed for the objection given that Defendants qualified their objection by stating that they would produce documents that relate to representation and advice on the topics for which Athens Orthopedic is waiving its privilege.  Relator also asserts that Defendants did not adequately identify "in a meaningful sense" every attorney who participated in providing advice to Athens Orthopedic. Defendants disclosed that Daniel Mohan was the primary attorney from whom Athens Orthopedic sought advice on various healthcare law issues.  And, in their responses to the topic-specific interrogatories, Defendants disclosed the names of other attorneys who assisted Mr. Mohan on each topic, along with Bates ranges for documents reflecting examples of their assistance.

Defendants also represent that they provided an index of their document production that identifies communications between Athens Orthopedic and the other lawyers who worked with Mr. Mohan.  These discovery responses were largely adequate.  To the extent deficiencies exist in the indexes, Defendants shall cure those deficiencies.[2]

Third, Relator asserts that the privilege waiver extends beyond Mr. Mohan and his colleagues.  She argues that Defendants should be required to disclose privileged communications and work product from their present litigation attorneys with the firms of Chivilis, Grubman, Dalbey & Warner LLP and Cook & Tolley, LLP.[3]  Defendants did not waive any privilege for advice of counsel given in defense of this action.  The Court is not persuaded that Defendants' disclosure of the advice it received on certain subject matters from Mr. Mohan and his colleagues constitutes a waiver of the privilege for Defendants' communications with litigation counsel regarding their defense of this action.  This portion of the motion to compel is denied. For the same reason, the motion to quash filed by Cook & Tolley,

---

[2] As discussed below, based on the sample index Relator submitted, Defendants' index of its supplemental document production is incomplete.  Defendants are ordered to cure the deficiencies.  That should take care of this issue, too.

[3] Relator also seems to suspect that Athens Orthopedic shopped for legal opinions and consulted other attorneys for legal advice regarding the schemes alleged in this action.  If Athens Orthopedic did consult other attorneys regarding these schemes, it would be required to disclose those communications.  But Athens Orthopedic represents that it only consulted Mr. Mohan and his colleagues.

LLP (ECF No. 316) is granted as to privileged communications and documents.  Cook & Tolley, LLP should still produce unprivileged communications and documents responsive to the subpoena, such as invoices.

Fourth, Relator argues that Defendants should have answered one sub-part of her interrogatories with a "yes" or "no" instead of the narrative Defendants provided.  For each interrogatory in Relator's fifth interrogatories to Athens Orthopedic, Relator described a scheme alleged in her first amended complaint and asked Defendants to state whether they intended to assert an advice of counsel defense as to those allegations.  Defendants objected to this question, arguing that Relator impermissibly sought a legal conclusion that was for the Court to decide.  But then Defendants explained what legal advice they had received on each topic, and if they had not received legal advice regarding the topic, Defendants said so.  While these responses may not be packaged exactly as Relator would like, they are adequate. Defendants disclosed the topics on which it received advice and the topics which it did not.  Defendants will not be allowed to assert an advice of counsel defense on any topic for which they did not disclose advice.

Fifth, Relator argues that Defendants' most recent document production was inadequate because Defendants produced only about 2,000 documents in response to the new document requests but did

not cross-reference them to the 8,000 documents that were previously withheld based on an assertion of privilege that has now been waived. Defendants represent that they have now produced all the documents they were required to produce in response to Relator's new document requests. It is not clear from the present record whether Defendants have updated their privilege log to remove the documents that are no longer being withheld on the basis of privilege. If Defendants have not updated the privilege log to remove any documents for which the privilege has been waived, they shall do so by November 5, 2021.

Sixth, Relator asserts that Defendants improperly objected to being required to include on their privilege log communications between Defendants and their litigation counsel regarding this litigation. Federal Rule of Civil Procedure 26(b)(5)(A) requires a party withholding information on the basis of privilege to describe the nature of the items being withheld in a manner that will enable other parties to assess the claim. But, as the advisory committee noted, the Rule does not define what information must be provided when a party asserts a claim of privilege. "Details concerning time, persons, general subject matter, etc., may be appropriate if only a few items are withheld, but may be unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if the items can be described by categories." Fed.

R. Civ. P. 26(b)(5) advisory comm. notes to 1993 amends. Here, Defendants disclosed that they are withholding as privileged all confidential communications between Defendants and their litigation counsel. That is enough information for Relator to assess the claim of privilege for this category of documents. Likewise, Defendants' description of the emails that actually were included on the privilege log is sufficient because the privilege log along with Defendants' subsequent clarification of its description adequately describes the nature of each email, even though the privilege log does not include the subject line for each email. Relator's motion to compel complete privilege logs (ECF No. 240), which the Court previously deferred ruling on, may be terminated given this ruling.

Seventh, Relator contends that Defendants improperly redacted documents it produced, including attorney invoices. She wants the Court to compel Defendants to produce unredacted bills and invoices for attorney services between 2005 and the present. Defendants had previously withheld the invoices altogether. Recognizing that invoices are not protected except to the extent they would reveal privileged communications, Defendants produced the invoices. Defendants also explained that they redacted items related to topics for which Defendants have not waived the attorney-client privilege. Based on the present record, the Court cannot say the redactions were

improper.   The Court notes that Relator did not request an in camera review of the invoices.   Although the Court certainly does not relish the idea of reviewing attorney invoices to evaluate privilege claims, if Relator truly believes that the invoices are so central to her case that she cannot possibly proceed without them, then she may seek an in camera review. Any motion for an in camera review shall be filed by November 5, 2021, and it shall include a list of documents Relator wants the Court to review and explain why Relator cannot proceed without them.

Eighth, Relator asserts that Defendants answered some of the interrogatories by pointing to documents but did not adequately identify which documents go with which interrogatory or request for production.   As the Court previously observed, Federal Rule of Civil Procedure 33(d) requires that the responding party specify the records that must be reviewed to find the information requested in the interrogatories.   The Court previously required Defendants to produce an index to its document production that complies with Rule 33(d).   Defendants represent that they produced indexes for the documents produced during the most recent production, but Relator argues that it does not include enough information to satisfy Rule 33(d).   The Court agrees with Relator.   Based on the sample "index" Relator submitted, the only information included is the Bates number,

the date, the document type, the document title, the recipients, the author, and the file name.  Nothing indicates the topic of the email or enables the reader to tie it to a specific interrogatory.  Even with this index, the Relator must guess where she may find the information requested in her interrogatories.  Defendants shall supplement their index to comply with Rule 33(d) by November 5, 2021.

Ninth, Relator appears to believe that some documents have not yet been produced.  It is not clear from the present record whether Defendants' document production is complete.  It certainly should be; in May, Defendants promised to produce documents expeditiously.  If Defendants have not yet completed its document production, it shall do so by November 5, 2021.

Tenth, Relator contends that she needs seven extra hours to conduct the deposition of Mr. Mohan.  The Court finds that this extension is unnecessary.  Based on Defendants' responses, Relator knows which topics were the subject of advice from Mr. Mohan and colleagues.  Thus, Relator should be able to craft a plan for getting the information she needs on these topics.  Again, Defendants will not be allowed to assert an advice of counsel defense on any topic for which it did not disclose advice.

In summary, Relator's motion to compel (ECF No. 305) is denied except to the following extent: Defendants shall produce

an updated privilege log, an index to its supplemental document production, and any responsive documents it has not yet produced by November 5, 2021.

> C. Defendants' Motions for Protective Order and Attorneys' Motions to Quash Subpoenas

Relator issued several subpoenas to Defendants' attorneys and issued deposition notices to several attorneys and Defendants. Squabbles ensued.

> *1. Motion for Protective Order as to Subpoena to Morris, Manning and Martin, LLP (ECF No. 302)*

Relator issued a subpoena to non-party law firm Morris, Manning and Martin, LLP, seeking information regarding legal advice Athens Orthopedic sought from its attorney Daniel Mohan and other lawyers in his firm. Athens Orthopedic acknowledges that it waived its attorney-client privilege as to certain subject matters. Athens Orthopedic argues, though, that the subpoena seeks documents regarding subject matter for which Athens Orthopedic has not waived its privilege. Athens Orthopedic seeks a protective order as to those documents. The subpoena does seek *all* communications between the Morris Manning firm and Athens Orthopedic, regardless of subject matter. But Athens Orthopedic did not waive the privilege for all communications. Athens Orthopedic only waived the privilege for communications regarding the topics on which it is relying on an advice of counsel defense. To the extent the subpoena seeks

communications outside these categories, Athens Orthopedic's request for a protective order is granted and Morris Manning shall not be required to produce them.

Athens Orthopedic acknowledges that Morris Manning should produce materials relating to subject matters for which Athens Orthopedic waived the privilege. Paragraph 8 of the subpoena lists fifty-four categories of claims (which Relator asserts are alleged in her first amended complaint) and asks for documents and communications regarding these claims. Athens Orthopedic does not dispute that Morris Manning should produce materials for most of these topics. If those materials have not already been produced, that needs to happen as soon as possible.

Athens Orthopedic does argue that two of the categories are irrelevant because they relate to matters not alleged in the first amended complaint. So, Athens Orthopedic seems to want the Court to rule as a matter of law that Relator may not assert those claims. Even if the present record contained enough information for the Court to decide this issue (which it does not), the present question is whether Athens Orthopedic is entitled to a protective order as to these two topics in the subpoena. To be entitled to the protective order Athens Orthopedic seeks, the information sought must be privileged. It is not clear from the parties' briefing whether Athens Orthopedic waived the privilege as to these topics. It is also

not clear from the parties' briefing that the information sought
is irrelevant to Relator's claims (even if the precise schemes
are not alleged in the first amended complaint).  Accordingly,
if Athens Orthopedic waived the privilege as to these topics, it
is not entitled to a protective order for the communications and
documents related to these topics.

> 2.   *Motion to Quash Subpoena to Blasingame, Burch,*
> *Garrard & Ashley, P.C. (ECF No. 330)*[4]

Relator issued a subpoena to non-party law firm Blasingame,
Burch, Garrard & Ashley, P.C. ("Blasingame Firm").  The
Blasingame Firm represents one of Athens Orthopedic's
physicians, Dr. William Tally, although no lawyer from the Firm
has entered an appearance in this action and the Firm's
participation has been limited.  The Blasingame Firm has also
represented Athens Orthopedic in the past, though the scope of
this representation is not clear from the present record.  The
Blasingame Firm objects to the subpoena to the extent it seeks
privileged information.  As discussed above, the Court is not
persuaded that Defendants' disclosure of the advice it received
from Mr. Mohan and his colleagues constitutes a waiver of the
privilege for Defendants' communications with litigation counsel
regarding this action, including the Blasingame Firm.

---

[4] The Court understands that this motion is not yet ripe, but in the
interest of efficiency the Court issues this ruling.

The Blasingame Firm does assert that it has represented Athens Orthopedic in the past, so it is conceivable that it has had communications with Athens Orthopedic regarding topics for which Athens Orthopedic has waived its privilege. Understandably, though, the Blasingame Firm contends that it cannot tell from the subpoena which topics are the subject of Athens Orthopedic's waiver, so it needs guidance on this issue. Athens Orthopedic shall inform the Blasingame Firm by November 5, 2021 which of the fifty-four topics in paragraph 3 of the subpoena are subject to the waiver. To avoid future guessing games, Athens Orthopedic shall copy Relator's counsel on this notice. Then, if the Blasingame Firm has any responsive documents or communications on topics for which the privilege has been waived, it shall produce them as soon as possible unless it can demonstrate that doing so would be unduly burdensome.

The Blasingame Firm also objects to producing billing information. Attorney invoices are not generally privileged, and portions of an invoice that would reveal privileged information can be redacted. There is a protective order in place (ECF No. 56), so highly sensitive business information can be designated as confidential. The Blasingame Firm summarily represents that it would be unduly burdensome to produce its invoices, but it did not provide any facts to support this

argument.   Thus, the Blasingame Firm should produce to Relator its invoices to Athens Orthopedic and Dr. Tally unless it can demonstrate that doing so would be unduly burdensome.

> *3.   Motion for Protective Order as to Depositions (ECF Nos. 332 & 333)[5]*

Relator seeks to reopen several depositions on the advice of counsel defense.  Defendants do not seriously dispute that Relator is entitled to reopen the depositions, but they contend that Relator unreasonably asks to have each Defendant sit for another full-length deposition.   Relator wants 10-hour depositions for three entities: Athens Orthopedic, Athens Orthopedic Clinic Ambulatory Surgery Center, LLC ("ASC"), and Athens Orthopedic Clinic Ambulatory Surgery Center – Loganville, LLC ("ASC-Loganville").   She wants 7-hour depositions for six doctors: David Katz, Joseph Johnson, William Tally, Ormonde Mahoney, Shane Smith, and Michael Shuler.  Defendants offered a 7-hour deposition on the advice of counsel issue for Athens Orthopedic, a 3-hour deposition for ASC, and 2-hour depositions for the six doctors.  Defendants object to a deposition of ASC-Loganville, asserting that the entity did not exist when "most if not all" of the legal advice at issue here was made.

The Court finds that Relator should be able to discover adequate information about the advice of counsel defense without

---

[5] The Court understands that these motions are not yet ripe, but in the interest of efficiency the Court issues this ruling.

spending a full day on each deposition. Relator shall be permitted a 7-hour deposition of Athens Orthopedic, a 4-hour deposition of ASC, a 4-hour deposition of ASC-Loganville, and a 3-hour deposition of each of the six doctors.

### III. Relator's Motion for Contempt (ECF No. 306)

Relator previously filed a motion to compel valuations documents (ECF 230). At the May 26, 2021 hearing, the Court went through numerous categories of documents and Athens Orthopedic represented that it believed it had already produced all the responsive documents but would double check its records and produce any outstanding documents by June 30, 2021. Relator argues that Defendants still have not produced enough valuations documents pertaining to Athens Orthopedic's 2011 purchase of the Providence practice. Defendants represent that they have produced closing documents, due diligence documents, and financial documents. Relator has deposed at least four people on the issue. Relator nonetheless contends that Athens Orthopedic has not produced all the relevant documents in its possession on this topic. In support of this argument, Relator cites her expert, who says that seven categories of documents should exist but are still missing. So, the only evidence in support of Relator's motion for contempt is that her expert thinks some documents should exist even though Defendants say they have produced everything they have. The Court certainly

cannot find based on this record that Relator has established by clear and convincing evidence that Defendants violated a court order. Accordingly, the motion for contempt (ECF No. 306) is denied. The Court is also not going to require Defendants to document every step of their search. Defendants have already explained that they produced accounting and financial records for each entity, including complete general ledgers, and that they made available for inspection documents from the CFO's office and historical financial records. The Court is satisfied that Defendants conducted diligent searches and could not find any more documents.

## IV. Athens Orthopedic's Motion to Compel Supplemental Interrogatory Responses (ECF No. 320)

Athens Orthopedic contends that Relator did not adequately respond to interrogatory numbers 2, 4, 6, 7, 8, 9, 10, and 11. These interrogatories seek information about documents, communications, and persons with knowledge of Relator's claims, including documents related to specific allegations in the first amended complaint. In her initial interrogatory responses and in her supplemental responses dated February 13, 2021, Relator stated that she was unable to respond to these interrogatories but would supplement her responses when she received additional discovery. In response to Defendants' February 2021 motion to compel interrogatory responses and determine the sufficiency of Relator's responses to requests for admission, Relator

represented to the Court that she could not respond to the Athens Orthopedic's interrogatories or requests for admission until she received more discovery. The Court accepted this argument, denied Defendants' motion to compel, and reminded Relator that she had a duty to supplement her responses as she had promised to do. Text Order (Mar. 2, 2021), ECF No. 218.

Relator did not supplement her responses. Athens Orthopedic filed the present motion to compel Relator to supplement her interrogatory responses. Relator contends that the motion must be denied as untimely. Relator is correct that the Court extended to April 27, 2021 the deadline for motions to compel discovery for which a response was due by April 2, 2021. Text Order (Mar. 24, 2021), ECF No. 224. Athens Orthopedic did not file its motion to compel supplemental interrogatory responses until September 17, 2021. Relator contends that by filing its motion to compel after the April 27 deadline, Athens Orthopedic chose not to pursue the interrogatory responses and may not now ask the Court to compel them. Relator asserts that when the Court extended the motion to compel deadline, the Court must have contemplated supplementation issues, as well. But the Court certainly did not grant Relator a license not to supplement her interrogatory responses as she had promised to do and as the law clearly requires. In denying Athens Orthopedic's February 2021 motion to compel, the Court relied on Relator's

promise that she would supplement her interrogatory responses after she received additional discovery.  It is time for Relator to supplement her interrogatory responses.  Athens Orthopedic's present motion to compel (ECF No. 320) is granted.  The supplemental responses are due by November 5, 2021.

## V.   Relator's Motion to Compel Interrogatory Responses of Athens Orthopedic and Dr. Ormonde Mahoney (ECF No. 325)[6]

Relator asserts that Athens Orthopedic and Dr. Ormonde Mahoney did not sufficiently answer certain interrogatories. Relator admits that she propounded these interrogatories and received responses well before April 2, 2021.  Any motion to compel related to these interrogatories was due by April 27, 2021.  Text Order (Mar. 24, 2021), ECF No. 224.  Relator contends, though, that if Defendants are permitted to pursue their motion to compel the interrogatory responses she promised to supplement, then she should be permitted to pursue the present motion to compel.  Relator compares apples to oranges. The Court set the April 27 motion to compel deadline so it would be able to wrap up any disputes regarding the discovery that closed on April 2, 2021.  The issues presented by Relator's present motion to compel is such a dispute.  Relator, who had no trouble raising a number of disputes in eleven separate motions

---

[6] The Court understands that Relator has not yet filed her reply brief, but in the interest of efficiency the Court issues this ruling.

to compel filed on April 27, chose not to present this issue until the end of September.  The motion is untimely.

Even if the motion were not untimely, Relator did not explain why the responses were deficient.  Relator asserts that Defendants' reliance on Federal Rule of Civil Procedure 33(d) is misplaced.  That rule permits a responding party to answer by producing business records, "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d)(1).  The Court previously ordered Athens Orthopedic to supplement certain interrogatory responses (including some that are at issue in Relator's present motion) to comply with Rule 33(d) by providing an index to its document production or otherwise specifying the records that must be reviewed.  Order 25-26 (Nov. 23, 2020), ECF No. 190.  Athens Orthopedic supplemented its responses, and Dr. Mahoney incorporated Athens Orthopedic's supplemental responses into his own.  The Court reviewed the supplemental responses, which point to hundreds of pages of documents by Bates number in response to specific interrogatories.  Relator did not clearly explain why these supplemental responses are deficient.  Her motion to compel further responses is denied.

## VI.  Relator's  Motion  to  Compel  Spoliation  Discovery  (ECF  No.  238)

The  Court  previously  deferred  ruling  on  Relator's  third motion  to  compel  spoliation  discovery  (ECF  No.  238).   The  Court deferred  ruling  on  this  motion  because  Athens  Orthopedic  was still  in  the  process  of  completing  its  document  production. Relator  contends  that  there  has  been  no  movement  on  the  issue because  she  still  has  not  received  documents  that  she  believes must  exist  based  on  her  knowledge  of  what  documents  existed  in 2014  and  Athens  Orthopedic's  2014  archival  processes.   But Athens  Orthopedic  represents  that  it  conducted  a  reasonable search  and  produced  all  the  responsive  documents  it  has  on  this topic.   Relator  was  permitted  to  take  depositions  on  this  topic, and  Athens  Orthopedic's  discovery  vendor  collected  the  relevant hard  drives  and  produced  responsive,  non-privileged  documents  on this  topic.   As  the  Court  observed  at  the  May  26,  2021  hearing, the  Court  cannot  compel  a  party  to  produce  something  that  does not  exist.   The  motion  to  compel  is  denied.

## VII. Relator's Motion for Extension (ECF No. 335)

The  Court  also  denies  Relator's  most  recent  motion  for  an extension  of  time  to  file  motions  to  compel  (ECF  No.  335).   The November  12  deadline  is  reasonable,  and  the  parties  have  had enough  time  to  work  out  their  discovery  disputes.   Though  the Court  encourages  the  parties  to  do  their  best  at  the  upcoming mediation,  a  scheduled  mediation  does  not  constitute  good  cause

for an extension of the deadline.  The Court suspects based on the history of this case that the parties will be unable to resist filing additional motions to compel, so it issues the following requirements.  Before filing another motion to compel, the parties must confer in good faith regarding the discovery disputes by telephone, Zoom, or in-person—not simply by hurling letters at each other.  Each motion must focus on the present dispute, not past disputes, and each motion must contain the following one-sentence bullet points for each item sought: (1) succinct description of the specific evidence sought by the party, (2) specific citation to the discovery request seeking the evidence, (3) specific citation to the allegedly inadequate discovery response, and (4) specific explanation of why the discovery response is inadequate.  Any response to a motion to compel is due fourteen days after the motion is filed and shall succinctly explain why the party's discovery response was adequate or why no response was required.  There shall be no replies.

CONCLUSION

As discussed above, Relator's motion for leave to amend (ECF No. 301) is denied; Defendants' motion for protective order (ECF No. 302) is granted in part and denied in part; Relator's motion for reconsideration (ECF No. 304) is denied; Relator's motion to compel advice of counsel evidence (ECF No. 305) is

26

granted in part and denied in part; Relator's motion for contempt (ECF No. 306) is denied; Defendants' motion to quash the subpoena to Cook & Tolley LLP (ECF No. 316) is granted to the extent set forth above; Athens Orthopedic's motion to compel supplemental interrogatory responses (ECF No. 320) is granted; Relator's motion to compel interrogatory responses from Athens Orthopedic and Dr. Mahoney (ECF No. 325) is denied; the Blasingame firm's motion to quash (ECF No. 330) is granted in part and denied in part; and Defendants' motion for protective order regarding depositions (ECF No. 332 & 333) is granted to the extent set forth above.  Relator's motion to set aside privilege (ECF No. 237) and motion to compel privilege logs (ECF No. 240) are terminated.  Relator's motion to compel spoliation discovery (ECF No. 238) is denied, as is her motion for extension of time to file motions to compel (ECF No. 335).  The parties' requests for sanctions are denied at this time.

IT IS SO ORDERED, this 27th day of October, 2021.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA