```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF GEORGIA
                    ATHENS DIVISION
```

UNITED STATES OF AMERICA, *ex rel.* REBECCA HOCKADAY, and STATE OF GEORGIA, *ex rel.* REBECCA HOCKADAY,

    Plaintiff-Relator,

vs.

ATHENS ORTHOPEDIC CLINIC, P.A., *et al.*,

    Defendants.

CASE NO. 3:15-CV-122 (CDL)

## O R D E R

Several years ago, a Columbus tire dealer produced a television commercial in which he swung in a tire hanging from a rope attached to a tree limb as he proclaimed, "tires just ain't that complicated." His point: people sometimes try to complicate matters to obscure the truth. His message was that when you cut through the "B.S.", the essence of the matter is typically simpler than some try to make it. In his case, his essential point was that he sold quality tires at a fair price.

Similarly, Rule 26 of the Federal Rules of Civil Procedure is not that complicated. Its guiding principle recognizes that relevant, nonprivileged matter that is proportional to the needs of the case shall be discoverable. Fed. R. Civ. P. 26(b)(1). To assure that such materials are disclosed in an orderly,

complete and timely manner, the drafters of the rules provided a logical, straightforward process that should be easily navigable by good lawyers without extensive hand-holding by the Court, so that discovery can be conducted efficiently, expeditiously, and without unnecessary expense.

The process begins with mandatory disclosures of witnesses, relevant documents, and damages computations. Fed. R. Civ. P. 26(a)(1). It further authorizes the parties to propound additional interrogatories and requests for production. And to make sure that all parties have timely information, the rules specifically mandate supplementation of discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrected information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1).

Like the old-school wisdom of the tire dealer, the drafters of Rule 26 understood that when reduced to its essence, discovery is not that complicated notwithstanding the many attempts by counsel during this litigation to make it so. The present motion to compel, filed on the eve of trial, should have been unnecessary. Less finger-pointing and more reliance upon common sense would have resolved this matter weeks ago. Relator is entitled to damages up until the date of trial on any viable

claims that are not barred by the statute of limitations. It should not be remarkable to anyone that in a False Claims Act case, the claims submitted by a defendant for payment by the government form the essence of the claim and likely the best evidence of damages. Defendants have an obligation to produce matter that is relevant to these claims. It cannot be argued in good faith that the data Relator seeks in her motion to compel is not relevant. Requiring production of the material is likewise not unduly burdensome. It appears that the same type of information was produced for an earlier time period, and Defendants have provided no persuasive argument as to why they are not required to produce the same type of information for the entire alleged damages period, i.e., up to the date of trial. Defendants should have voluntarily provided the information by supplementation, without the necessity of a motion to compel. They have not established to the Court's satisfaction that they did so. The material should be produced using the same filters as before, except that the dates should be updated and any claims that have been dismissed should be eliminated. To the extent that there is some confusion as to what filters were used, counsel should sit down in person with each other in the same room until they fully understand how the information was filtered.

Relator's motion to compel (ECF No. 514) is granted. By 5:00 P.M. on October 21, 2022, Defendants shall produce the supplemental claims data from the Amkai database (May 17, 2021 to the present) and the CareTracker database (May 28, 2021). The supplemental production shall include claims data for *all Government payors* (which would include all the Government payors from Defendants' prior data production, if any claims were made to them). The Court declines to award sanctions at this time.

Hopefully, today's order will be understood as "just not that complicated."

IT IS SO ORDERED, this 19th day of October, 2022.

                                        S/Clay D. Land
                                        CLAY D. LAND
                                        U.S. DISTRICT COURT JUDGE
                                        MIDDLE DISTRICT OF GEORGIA