IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* REBECCA HOCKADAY, and STATE OF GEORGIA, *ex rel.* REBECCA HOCKADAY,<br><br>    Plaintiff-Relator,<br><br>vs.<br><br>ATHENS ORTHOPEDIC CLINIC, P.A., *et al.*,<br><br>    Defendants. | *<br>*<br>*<br>*<br>*   CASE NO. 3:15-CV-122 (CDL)<br>*<br>*<br>*<br>* |

## O R D E R

Relator filed a motion to take the video deposition of Dr. Val Phillips for use at trial (ECF No. 523). In the alternative, Relator seeks to have Dr. Phillips testify remotely at trial or be compelled to attend the trial and testify live in accordance with the trial subpoena she previously served on him. Dr. Phillips filed a motion to quash the trial subpoena served on him by Relator. For the following reasons, the Court orders Dr. Phillips to appear live at trial. The Court thus denies Dr. Phillips's motion to quash (ECF No. 527) and denies Relator's request to present Dr. Phillips's testimony via video deposition or remotely.

Live testimony is the preferred method for providing a jury with evidence upon which it must reach a verdict in any case. It has long been this Court's practice to require live testimony

unless the witness is unavailable to testify live. This practice is consistent with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 43(a) ("At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise."); Fed. R. Civ. P. 32(a)(4) (permitting use of depositions of non-party witnesses at trial only if the witness is unavailable). Although Relator minimizes the expected length of Dr. Phillips's testimony, that length does not diminish its apparent importance. Relator relies upon Dr. Phillips to establish essential elements of one of her claims. In fact, Relator considered Dr. Phillips's testimony so essential that she submitted his affidavit in opposition to Defendants' summary judgment motions. Moreover, the Court relied on his affidavit testimony when it found genuine factual disputes precluding summary judgment. *United States ex rel. Hockaday v. Athens Orthopedic Clinic, P.A.*, No. 3:15-CV-122 (CDL), 2022 WL 2820103, at *9, *17 (M.D. Ga. July 19, 2022).

This important testimony should be heard live by the jury where Defendants have the opportunity to cross-examine Dr. Phillips in open court. While it may be considered old-fashioned in light of modern-day technology and a full embrace by the judiciary of remote proceedings, this Court still believes that "as yet no substitute has ever been found for [live] cross-

examination as a means of separating truth from falsehood and of reducing exaggerated statements to their true dimensions." Francis L. Wellman, *Art of Cross Examination* (The Macmillan Company 1904) at p. 22.  Live cross examination has stood the test of time, dating back to the account given by Plato of Socrates' cross-examination of his accuser, Miletus, while defending himself against the capital charge of corrupting the youth of Athens. *Id.*  In this Court's view, something is lost when the examination is recorded through a video lens and reflected back to the jury through a flat screen covered with pixels.  Body language, including squirms, furtive glances, hesitation in response, is essential for a jury to evaluate the credibility of any witness.  Such subtle communication cannot be fully captured at a distance.  Thus, this Court has a high bar for eliminating this critical aspect of a trial.

Relator acknowledges that the Court has the authority in this False Claims Act case to compel Dr. Phillips to attend the trial to present his testimony in front of the jury.  Dr. Phillips, relying only on Federal Rule of Civil Procedure 45, contends that he cannot be compelled to testify because the trial is more than 100 miles from where he resides, is employed, or regularly transacts business.  But under 31 U.S.C. § 3731(a), a subpoena requiring attendance of a witness at a trial under the False Claims Act "may be served at any place in the United

States." As several other district courts have persuasively explained, Rule 45's geographical limits do not apply to a subpoena issued under § 3731(a); the only limitation is Rule 45's undue burden rule. *United States ex rel. Lutz v. Berkeley Heartlab, Inc.*, No. CV 9:14-230-RMG, 2017 WL 5624254 (D.S.C. Nov. 21, 2017 (concluding that § 3731(a) permits a court to compel attendance from witnesses located anywhere in the United States, subject to the undue burden rule of Federal Rule of Civil Procedure 45(d)(3)(A)(iv)); *see also United States ex rel. Marsteller v. MD Helicopters, Inc.*, No. 5:13-CV-00830-AKK, 2021 WL 7907339, at *1 (N.D. Ala. Sept. 9, 2021) (concluding that § 3731(a) "gives the court the power to compel attendance of witnesses" even if they fall outside the geographical limits of Federal Rule of Civil Procedure 45(d)(3)(A)(ii) but that the witness would not be required to testify in court because he presented specific evidence that it would be an undue burden for him to travel from Texas to Alabama for trial).

Relator does not indicate that Dr. Phillips is truly unavailable; she only makes the general vague contention that it will be a hardship for him to travel from his present location in Boise, Idaho to Athens, Georgia for the trial. But it is not as if he will have to make that journey by stagecoach or on horseback. Dr. Phillips himself does not assert any claims of undue burden except that it would be an "expensive hardship" for

him to travel to Georgia.  Phillips Mot. to Quash 3, ECF No. 527. With Relator's counsel covering Dr. Phillips's expenses, it appears that his primary burden will be some inconvenience.  That inconvenience pales in significance to the essential role that live testimony can play in the ascertainment of the truth.  Here, that inconvenience does not rise to the level of undue burden.

Accordingly, Relator's motion to present Dr. Phillips's testimony by deposition or remotely is denied.  Dr. Phillips's motion to quash is likewise denied.  Dr. Phillips is ordered to appear live in Athens, Georgia to provide his testimony at the time and day determined by Relator's counsel so that the inconvenience associated with his travel shall be minimized to the extent reasonably practicable.

IT IS SO ORDERED, this 26th day of October, 2022.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA